# Jacobs, *et al. v.* Johnson.

### Bill to Reform Deed.

(Decided February 5, 1914. Rehearing denied June 24, 1914.
65 South. 802.)

*Deeds; Reformation; Evidence; Sufficiency.*—Where the bill was to reform a deed so as to except from the operation thereof growing timber, which was excepted by the bond for title, and there was evidence that for sometime after its execution both parties treated the deed as excepting the timber, that the grantees did not know of the omission of the exception until several months after its execution, and that they were then informed by third parties, and it was only then that they objected to the grantors removing the timber, and there were other circumstances of the same nature, the evidence sufficiently showed that the exception was omitted by mistake, and not by agreement.

·APPEAL from Coffee Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by N. B. Johnson against Martha Jacobs and others, to reform a deed. Decree for complainant and respondents appeal. Affirmed.

JOHN H. WILKERSON and RILEY & CARMICHAEL, for appellant. The evidence and pleading did not reach that particularity of averment and clear proof requisite to the reformation of an instrument.—*Dexter v. Ohlander,* 95 Ala. 467; *Burnell v. Morris,* 106 Ala. 349; *Hough v. Smith,* 132 Ala. 204; *Folmar v. Lehman-Durr & Co.,* 147 Ala. 472; *Sellers v. Grace,* 150 Ala. 185. The court should have denied relief because of the inconsistent and repugnant statements in pleading, and in the evidence for complainant.—*Winters v. Quarles,* 43 Ala. 692, and authorities supra.

J. A. CARNLEY and W. W. SANDERS, for appellee. The court properly decreed reformation under the evidence in this case.

MAYFIELD, J.—This is a bill to reform a deed, so as to except from it certain timber growing on the land conveyed. The contract of sale and agreement to convey was evidenced by a writing usually called a bond for title. This bond for title excepted the timber in question from the operation of the proposed conveyance. The bill seeks to have the deed made to conform to the bond for title which, it is agreed, expressed the original contract of sale.

The respondents, the grantees in the deed, contend that the grantor subsequently agreed to waive this provision of the contract, and to convey the timber, in consideration that the payment of a certain note for $300 in his favor, for part of the purchase money, should be made before the note fell due, and that the payment was so made in advance, and in consideration of such waiver; that the timber was accordingly not excepted from the deed; and that the omission of the exception was not a mistake of the draftsman, but was intentional. The complainant and his witnesses contend, however, that there was no such subsequent parol agreement, and that the omission of the exception of the timber, from the deed, was an oversight and was not intentional. The case was submitted on pleadings and proof, and the chancellor granted the relief prayed; and from the chancellor's decree the respondents prosecute this appeal.

There are material and irreconcilable conflicts in the evidence, but we are persuaded that the chancellor reached the correct conclusion. There are many circumstances which lead us to this conclusion, one of which is that all of the parties to the transaction for quite a while after the deed was executed, treated it as if the timber was excepted therefrom. The testimony of the respondents shows that they did not know of the omission of the exception until several months after the

[Keeble v. Jones, et al.]

deed was executed, and that they were then informed of the fact by third parties; and that it was not until after this that they objected to the grantor's cutting the timber from the land. There are many other circumstances, unnecessary to mention, of the same bearing; and the whole evidence leads an unbiased mind to the firm conviction that the omission of the exception of the timber, from the deed, was by mistake and was not intentional, and therefore that the deed ought to be reformed so as to conform to the bond for title.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.